IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DOUG E. BISHOP,

    **Plaintiff,**

vs.                                  No.   3:13-cv-510-DRH-PMF

COUNTY BOARD OF PERRY COUNTY
and THE COUNTY OF PERRY,

    **Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I.    Introduction and Background

Pending before the Court is plaintiff Doug E. Bishop's ("Bishop") motion to remand (Doc. 17). Defendants County Board of Perry County and the County of Perry (collectively "defendants") opposes the motion (Doc. 19). Based on the following, the Court **DENIES** plaintiff's motion to remand (Doc. 17).

On May 3, 2013, Bishop filed an amended complaint against defendants, his former employer, in the Circuit Court of the Twentieth Judicial Circuit, Perry County, Illinois for refusing and failing to pay final compensation including accrued, unused vacation, comp time, sick days and personal days to plaintiff in a timely manner after his termination. Plaintiff asserts a state law claim for violation of the Wage Payment and Collection Act, 820 ILCS 115/1, and a 42 U.S.C. § 1983 claim for deprivation of property without due process.

On June 3, 2013, defendants removed the case to this Court based on federal question jurisdiction, 28 U.S.C. § 1331, and supplemental jurisdiction, 28 U.S.C. § 1441. Defendants assert that the Court has original jurisdiction over plaintiff's Section 1983 claim and supplemental jurisdiction over the associated state law claim.

On December 16, 2013, plaintiff filed a motion to remand (Doc. 17). Plaintiff asserts first that complete diversity pursuant to 28 U.S.C. § 1332 is lacking because plaintiff and defendants are citizens of the same state. Consequently, plaintiff argues that supplemental jurisdiction is improper. Finally, plaintiff asserts that pursuant to *Brown v. Brienen* Section 1983 was not intended to shift state law contract claims into federal courts. See 722 F.2d 360 (7th Cir. 1983).

Defendants responded (Doc. 19) asserting that the language in *Brown* relied on by plaintiff is dicta as noted in *Photos v. Township High School District No. 211*, and premised on a non-pecuniary loss. 639 F.Supp. 1050 (N.D. Ill. 1986). Defendants additionally argue that at this time the Court cannot determine whether plaintiff's interest warrants due process protection.

## II. Analysis

The federal district courts have original jurisdiction of "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. In assessing the propriety of removal based on federal question jurisdiction, the district court applies the well-pleaded complaint rule which provides that such jurisdiction exists "only when the federal question is presented

on the face of the plaintiff's properly pleaded complaint." *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1486 (7th Cir. 1996). Additionally, "in any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy." 28 U.S.C. § 1367.

In his amended complaint, plaintiff asserts a claim under Section 1983 for deprivation of property without due process. Specifically, he alleges that defendants deprived him compensation for unused vacation, comp time, sick days and personal days. This claim clearly falls under the Court's original jurisdiction. Plaintiff, however, appears to urge the Court to review the merits of its own Section 1983 claim. While a Section 1983 claim for "mere" contract rights, as opposed to property rights created by contract, would be dismissed upon a motion to dismiss, the Court will not remand a case on plaintiff's own assertion that his claim would not survive this review. *See Vail v. Board of Educ. Of Paris Union School District No. 95*, 706 F.2d 1435 (7th Cir. 1983), aff'd 466 U.S. 377 (1984). At the same time, plaintiff asserts that this case should be remanded back to State court where the § 1983 claims and the Illinois claim can be decided in tandem. Plaintiff cannot have it both ways; he either alleges a § 1983 claim and the case is brought in federal court or he dismisses his § 1983 claim and the case is remanded.

### III. Conclusion

Accordingly, the Court **DENIES** plaintiff Doug E. Bishop's motion to remand (Doc. 17).

**IT IS SO ORDERED.**
Signed this 24th day of March, 2014.

Digitally signed by
David R. Herndon
Date: 2014.03.24
16:16:22 -05'00'

**Chief Judge
United States District Court**